happening of the accident. These inferences fail to point to the existence of negligence. If the jury had been permitted to infer that the decedent was crossing Bay Nineteenth street on Benson avenue, another inference would have had to be drawn that he was crossing sufficiently far in advance of the car as to warrant an implication of negligent operation of the car. This would have been wholly speculative. In the circumstances shown we are of opinion that the nonsuit was proper.

RALPH H. CLYNNE, Respondent, v. SCHARF BROS. & SONS, INC., Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Young and Kapper, JJ., concur.

RALPH DEMARTINO, Appellant, v. NEWS SYNDICATE COMPANY, INC., Respondent.— Order setting aside verdict and granting a new trial unanimously affirmed, with costs to abide the event. We conclude that it was error to admit testimony appearing at folios 141 and 402 of the record, concerning the gravity of the alleged libel as affecting plaintiff's relatives. (See *Bishop* v. *New York Times Co.*, 233 N. Y. 446.) Under the circumstances it is unnecessary for us to pass upon the question of the alleged excessive verdict. Present — Kelly, P. J., Manning, Kelby, Young and Kapper, JJ.

AMELIA R. FOULKE, Appellant, v. NEPTUNE REALTY COMPANY and Another, Respondents.— Order reversed upon the law, with ten dollars costs and disbursements, and motion for leave to serve proposed amended complaint granted, without costs. The causes of action are not inconsistent. A single injury is alleged to have occurred by reason of the wrongful conduct of the defendants. This injury is to plaintiff's property, and it is alleged in the proposed amended complaint to be due (1) to the maintenance of a common-law nuisance; (2) to the violation of the municipal ordinance,* and (3) to the violation of the restrictive covenants. Sufficient proof that any one of these three alleged causes occasioned injury to plaintiff's property will suffice to support her right of action, and she is entitled to allege them in one complaint. (See *Payne* v. *N. Y., S. & W. R. R. Co.*, 201 N. Y. 436; *Lamming* v. *Galusha*, 135 id. 239.) Kelly, P. J., Jaycox, Manning, Kelby and Kapper, JJ., concur.

JOSEPH GALOWITZ, Appellant, v. JOHN P. MAGNER, Respondent.— While the decision at Special Term undoubtedly applied the general rule in granting an amendment to the complaint, we think the facts in the present case are exceptional, and that the rule should not be applied. The judgment was not reversed in this court because of any deficiency in the complaint. The point was not raised by the appellant upon the appeal. It was pointed out by the court as desirable before a new trial [208 App. Div. 6.] Under these circumstances, we think defendant should not be allowed costs to date as imposed by the order appealed from. The order is, therefore, modified by imposing thirty dollars costs as a condition for allowing the amendment, and as so modified affirmed, without costs. Kelly, P. J., Manning, Kelby, Young and Kapper, JJ., concur.

In the Matter of the Application of FRANK N. McCOY, JR., Respondent, for a Mandamus Order against EDMUND JORDAN and Others, Individually and Constituting the Board of Village Trustees of the Village of Peekskill, and Another. EMMA M. DRUM and Another, Appellants. (Appeal No. 2.) — Order denying

* See Zoning Ordinance of the City of New Rochelle.— [REP.

appellant's motion for leave to intervene, etc., affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Manning, Kelby, Young and Kapper, JJ., concur.

In the Matter of the Application of FRANK N. McCOY, JR., Respondent, for a Mandamus Order against EDMUND JORDAN and Others, Individually and Constituting the Board of Village Trustees of the Village of Peekskill, and Another, Appellants. (Appeal No. 3.) — Order denying appellants' motion for leave to amend return affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Manning, Kelby, Young and Kapper, JJ., concur.

JOHN BROMLEY & SONS, INCORPORATED, Appellant, v. FLINT MANUFACTURING COMPANY, Respondent.— Judgment and order granting extra allowance unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning Kelby, Young and Kapper, JJ.

VINCENZO PISCOPO, Respondent, v. NATIONAL DRY DOCK AND REPAIR COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. The technical error in charging the comparative negligence rule was harmless, as there was no evidence upon which a finding of contributory negligence could have been based. (Amato v. New York & Porto Rico Steamship Co., 209 App. Div. 882.) Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH BROWN, Appellant, v. THE WARDEN AND KEEPER OF THE CITY PRISON OF THE CITY OF NEW YORK, QUEENS COUNTY, LONG ISLAND CITY, N. Y., Respondent.— Order dismissing writ of habeas corpus and remanding relator affirmed. No opinion. Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ., concur.

WILLIAM SHEFFEL, Respondent, v. NEW JERSEY AND NEW YORK RAILROAD COMPANY, Appellant.— Judgment and orders unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.

ELLEN J. SODEN, Respondent, v. FRANK McELROY, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Manning, Kelby and Young, JJ., concur; Kelly, P. J., and Kapper, J., dissent, and vote to reverse the order and grant the motion, on the authority of Wessel v. Schwarzler, No. 1 (144 App. Div. 587, 589).

ROY H. STILL, Appellant, v. ROSE E. STILL, Respondent.— Order denying plaintiff's motion to set aside verdict and grant a new trial unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Kelby, Young and Kapper, JJ.

LIBBIE TRAKTMAN, Appellant, v. THE CITY OF NEW YORK, Respondent.— Order in so far as appealed from, and judgment, reversed on the law, with costs, and plaintiff's motion for judgment granted, with ten dollars costs. A demand was necessary to entitle plaintiff or her predecessors in title to maintain this action, and this cause of action did not accrue until her right to make such demand was complete, under section 410 of the Code of Civil Procedure.* (Reid v. Suprs. of Albany County, 128 N. Y. 364.) During the time she and her grantors were in possession and enjoyment of the property, no demand could be made, and the right to make such demand was, therefore, not complete until she was ousted from possession on March 11, 1918, at which time her cause of action accrued, and

* Now Civ. Prac. Act. § 15.— [REP.